UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EUGENE AND DAYMEL SHKLAR FOUNDATION, <br><br> Plaintiff, <br><br> v. <br><br> IAN SIMMONS, <br><br> Defendant. | CIVIL ACTION NO. 04-11529-JLT |

## ANSWER AND JURY DEMAND

Defendant Ian Simmons hereby answers the numbered paragraphs of the Complaint of plaintiff Eugene and Daymel Shklar Foundation ("Shklar"), as follows:

### Introduction

1. Paragraph 1 of the Complaint seeks merely to characterize this action and does not require a response by Simmons.

### The Parties

2. Upon information and belief, Simmons admits the allegations of Paragraph 2 of the Complaint.

3. Admitted.

### Jurisdiction and Venue

4. Paragraph 4 states a conclusion of law, to which no response is required.

5. Paragraph 5 states a conclusion of law, to which no response is required.

### Factual Background

6. Upon information and belief, Simmons admits the allegations of Paragraph 6 of the Complaint.

7. Simmons is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint.

8. The Offer to Purchase Real Estate (the "Offer") speaks for itself and therefore no further response is required.

9. Simmons is without knowledge or information sufficient to form a belief as to the truth of the allegations in the fist sentence of Paragraph 9. Simmons is further without knowledge or information sufficient to form a belief as to the truth of the allegations that Eugene Shklar signed the Offer on September 30, 2003 at 5:00 p.m. As to the remaining allegations in Paragraph 9 of the Complaint, the Offer speaks for itself and therefore no further response is required.

10. The Offer speaks for itself and therefore no further response is required.

11. Answering the first sentence of Paragraph 11, the allegations are admitted. The remaining allegations of Paragraph 11 of the Complaint are denied.

12. Answering the first sentence of Paragraph 12, the Offer speaks for itself and therefore no further response is required. The remaining allegations of Paragraph 12 of the Complaint are denied.

13. The Offer speaks for itself and therefore no further response is required.

14. Answering the first sentence of Paragraph 14, the Offer speaks for itself and therefore no further response is required. Answering the second sentence of Paragraph 14, Simmons admits that he met with William Gaynor to prepare a "punch list." As to the remaining allegations in Paragraph 14 of the Complaint, Simmons is without knowledge or information sufficient to form a belief as to the truth of the allegations.

15. Denied.

16. Denied.

17. The Promissory Note (the "Note"), as well as the cover letter enclosing the Note, speak for themselves and therefore no further response is required.

18. Answering the first sentence of Paragraph 18, the allegations are denied. Answering the second sentence of Paragraph 18, the allegations are admitted. Excepting the allegation that the closing was set for March 31, 2004, which allegation is admitted, the remaining allegations of Paragraph 18 are denied.

19. Excepting the allegation that the closing was set for March 31, 2004, which allegation is admitted, Paragraph 19 is denied.

20. Simmons admits that drafts of the Purchase and Sale Agreement were exchanged between counsel for the parties. The remaining allegations of Paragraph 20 are denied.

21. Simmons admits that he did not sign a purchase and sale agreement. The remaining allegations of Paragraph 21 are denied.

22. The May 24, 2004 letter speaks for itself and therefore no further response is required.

23. Admitted.

24. Denied.

25. Excepting the allegation that Mr. William Rizzo, attorney for Ian Simmons, has not authorized the release of Simmons' $10,000 deposit, which allegation is admitted, Simmons is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint.

26. The June 23, 2004 letter speaks for itself and therefore no further response is required. The remaining allegations of Paragraph 26 are denied.

### Count One: Breach of Contract

27. Simmons incorporates by reference the responses in Paragraphs 1-26 above.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

### Count Two: Fraud

34. Simmons incorporates by reference the responses in Paragraphs 1-33 above.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

### Count Three: Violation of M.G.L. c. 93A, §§ 2 and 11

39. Simmons incorporates by reference the responses in Paragraphs 1-38 above.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

The paragraph following Paragraph 43 is a prayer for relief which requires no answer. To the extent that the prayer for relief asserts certain facts, those facts are denied.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

Shklar's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

This Court lacks subject matter jurisdiction over this case.

### Third Affirmative Defense

Shklar's claims are barred by the doctrine of waiver.

### Fourth Affirmative Defense

Shklar's claims are barred by the doctrine of unclean hands.

### Fifth Affirmative Defense

Shklar's claims are barred by the doctrine of laches.

### Sixth Affirmative Defense

Shklar's claims are barred by the doctrine of estoppel.

### Seventh Affirmative Defense

Shklar's claims are barred in whole or in part because Simmons acted in accordance with the Offer.

### Eighth Affirmative Defense

Shklar's claims are barred by its own breaches of the Offer.

### Ninth Affirmative Defense

Shklar's fraud claim should be dismissed for failure to plead fraud with particularity.

### Tenth Affirmative Defense

Shklar's Complaint should be dismissed for failure to join an indispensable party.

### Eleventh Affirmative Defense

Shklar's claims are barred in whole or in part because of Shklar's representative's fraud.

### Twelfth Affirmative Defense

Shklar's claims are barred in whole or in part because of the statute of frauds.

### Thirteenth Affirmative Defense

Shklar's claims are barred in whole or in part because of the parol evidence rule.

WHEREFORE, Simmons respectfully requests that this Court:

a. Grant judgment in favor of Simmons and dismiss all counts of Shklar's Complaint;

b. provide Simmons an award of attorneys' fees and costs; and

c. award Simmons such other further relief as this Court deems just and reasonable.

Respectfully submitted,

IAN SIMMONS

By his attorneys,

William A. Worth (BBO #544086)
David E. Plotkin (BBO #644858)
PRINCE, LOBEL, GLOVSKY & TYE LLP
585 Commercial Street
Boston, MA 02109
(617) 456-8000 (phone)
(617) 456-8100 (fax)

Dated: August 20, 2004

**DEFENDANT DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by first-class mail, postage prepaid, on August 20, 2004.

William A. Worth